E-SERVED
07/27/04
01:28 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**In Re: BAYCOL PRODUCTS LITIGATION** **MDL No. 1431**

**This Document Relates to:**

**MICHAEL EUGENE BLACK**
**and GEORGE F. MCCOLLINS, individually,**
**and on behalf of all others similarly situated,**

**Plaintiffs,**

**v.** **Case No: 02-CV-199**

**BAYER CORPORATION,**
**a foreign corporation authorized to do**
**business in West Virginia;**
**BAYER AG, a foreign corporation; and**
**GLAXOSMITHKLINE plc, a foreign corporation,**

**PLAINTIFFS' MOTION FOR RELIEF FROM**
**PARTS I(A) AND I(B) OF PRETRIAL ORDER NO. 114 AND**
**MOTION FOR ENLARGMENT OF TIME**

Now come the Plaintiffs, individually and on behalf of all others similarly situated (hereinafter "Class"), by and through counsel, Bell & Bands, PLLC, and file this Motion for Relief from Parts I(A) and I(B) of Pretrial Order No. ("PTO") 114. Further, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Plaintiffs move the Court for an enlargement of the June 7, 2004 deadline for seeking relief from PTO 114. In support, the Plaintiffs state as follows:

E-SERVED 07/27/04 01:28 PM ET Baycol MDL 1431

1. In their action, the Plaintiffs seek damages under applicable West Virginia law for themselves and the Class in the nature of a refund for the economic loss caused by Defendants' breach of express and implied warranties and violation of the West Virginia Consumer Credit and Protection Act. The Class consists of: "[i]ndividuals who have at any time purchased Baycol in West Virginia from when Baycol was initially placed on the market in the United States until the present." Importantly, Plaintiffs and the Class do not allege Baycol caused them to suffer personal injury damages;

2. According to Part I(F) of PTO 114, "[a] plaintiff may bring a motion . . . before this Court seeking relief from the provisions of Parts I(A) and I(B) if the plaintiff asserts that **no applicable law** requires a case-specific expert report attesting that Baycol caused the plaintiff to suffer injuries or damages, or that no supporting medical, sample or prescription records exists, or that no report or records are available." (emphasis added). The deadline for compliance with PTO 114 was June 7, 2004;

3. After the entry of PTO 114, Plaintiffs' counsel timely examined the same, including Part I(F), and formed the good-faith belief that PTO 114 did not apply to Plaintiffs' action because Plaintiffs were only seeking economic damages. Indeed, it seemed illogical that PTO 114 would place the burden on Plaintiffs to retain a case-specific expert report to demonstrate they suffered a Baycol-related personal injury when Plaintiffs were making no allegations of the same;

E-SERVED
07/27/04
01:28 PM ET
Baycol MDL 1431

4. Moreover, even though a Baycol claimant could apply for relief from PTO 114 where "no applicable law requires a case-specific report," Plaintiffs' counsel did not previously apply for relief because Plaintiffs' counsel believed that Part I(F) was only intended to potentially exempt Baycol claimants seeking personal injury damages where specific state law did not require a case-specific expert report to show causation of alleged personal injury from Baycol use. Again, since Plaintiffs were only seeking economic damages, Plaintiffs' counsel did not believe filing a motion under Part I(F) would be appropriate or necessary. Accordingly, Plaintiffs did not previously file for relief because they did not believe it reasonably appropriate or necessary to do so;

5. On or about July 2, 2004, Plaintiffs' counsel received a letter from Defense counsel, indicating that Plaintiffs were delinquent in complying with the case-specific expert report requirement of PTO 114. See Letter attached as Exhibit A;

6. By letter dated July 2, 2004, Plaintiffs' counsel responded to Defense counsel. Therein, Plaintiffs' counsel represented that Plaintiffs were only seeking economic damages, and therefore, did not believe that PTO 114 was applicable to the Plaintiffs' action. See Letter attached as Exhibit B;

7. On or about July 19, 2004, Plaintiffs' counsel received a reply letter from Defense counsel. Therein, Defense counsel indicated they would recommend to the Court that Plaintiffs' claim be dismissed with prejudice pursuant to PTO 114 for failure to provide PTO 114 submissions. See Letter attached as Exhibit C;

8. Shortly thereafter, on Saturday, July 24, 2004, Plaintiffs' counsel discovered that this Court, in Allied Services Division v. Bayer Corp., et al.,

E-SERVED
07/27/04
01:28 PM ET
Baycol MDL 1431

Case No. 02-1255, by Order dated July 19, 2004, granted an application for relief from PTO 114 where the Baycol claimant was only seeking economic damages;

9. In light of the Court's recent application of Part I(F) to Allied Services Division, Plaintiffs' counsel now moves for relief from PTO 114;

10. Prior to the Court's ruling in Allied Services Division, Plaintiffs' counsel submit that they in good-faith did not believe they would be entitled to relief under Part I(F) of PTO 114 because it did not apply to Plaintiffs' economic loss claims;

11. Also, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully move the Court for an enlargement of the June 7, 2004 deadline for seeking relief from PTO 114. Under Rule 6(b), "the court for cause shown may at any time in its discretion . . . (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Based on the foregoing, the failure to timely file a motion for relief was clearly a result of excusable neglect, and therefore, the Plaintiffs have shown cause for an enlargement of the June 7th deadline.

**WHEREFORE,** the Plaintiffs respectfully request that the Court grant their Motion for Relief from Parts I(A) and I(B) of Pretrial Order No. 114 and Motion for Enlargement of Time.

Respectfully submitted this the 27th day of July, 2004.

**Michael Eugene Black,**

E-SERVED
07/27/04
01:28 PM ET
Baycol MDL 1431

**and George F. McCollins,**
**individually, and on behalf of**
**all others similarly situated,**
**By Counsel**

Original Signature on file with filing attorney

Harry F. Bell, Jr.
Tim J. Yianne
Bell & Bands, PLLC
30 Capitol Street
P.O. Box 1723
Charleston, WV 25326-1723
(304) 345-1700
(304) 345-1715 Facsimile

**CERTIFICATE OF SERVICE**

I, Tim J. Yianne, certify that a true and correct copy of the foregoing Motion for Relief from Parts I(A) and I(B) of Pretrial Order No. 114 and Motion for Enlargement of Time were electronically served to all counsel of record via Verilaw on this 27th day of July, 2004.

Original Signature on file with filing attorney
Bell & Bands, PLLC
Tim J. Yianne

E-SERVED
07/27/04
01:28 PM ET
Baycol MDL 1431