E-SERVED
07/27/04
01:28 PM ET
Baycol MDL 1431

SIDLEY AUSTIN BROWN & WOOD LLP

BANK ONE PLAZA
10 S. DEARBORN STREET
CHICAGO, ILLINOIS 60603
TELEPHONE 312 853 7000
FACSIMILE 312 853 7036
www.sidley.com

FOUNDED 1866

BEIJING
BRUSSELS
CHICAGO
DALLAS
GENEVA
HONG KONG
LONDON

LOS ANGELES
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
TOKYO
WASHINGTON, D.C.

WRITER'S DIRECT NUMBER
(312) 853-7081

WRITER'S E-MAIL ADDRESS
jmizgala@sidley.com

June 29, 2004

Harry F. Bell, Esq.
Bell & Bands PLLC
30 Capital Street
P.O. Box 1723
Charleston, WV 25326

**NOTICE OF OVERDUE SUPPLEMENTAL DISCOVERY**
**FAILURE TO RESPOND WILL RESULT IN DISMISSAL OF YOUR CASE**

Re: *Michael Black*, Case No. 02-0199
Supplemental Discovery Disclosure

Dear Mr. Bell:

Your supplemental discovery is overdue in this lawsuit for Plaintiffs Michael Black and George F. Collins (McCollins).

Pursuant to MDL PTO No. 114, Plaintiff's Supplemental Discovery was due to be served by June 7, 2004. To date we have not received it.

If we do not receive Plaintiff's Supplemental Discovery as required by Parts I and III of MDL PTO No. 114, this case will be dismissed with prejudice pursuant to Part VI of PTO No. 114.

Because of the volume of cases in this MDL, defendants are not routinely agreeing to extensions of discovery deadlines. If you believe that your particular case presents extraordinary circumstances warranting an extension, you must request such an extension in a letter addressed to me that explains the extraordinary circumstances that you believe warrant an extension. Defendants will respond promptly.

EXHIBIT
A

E-SERVED
07/27/04
01:28 PM ET
Baycol MDL 1431



Thank you for your prompt attention and cooperation

Very truly yours,

James W. Mizgala

cc: Deanna Dailey
Jean M. Geoppinger
Fred T. Magaziner

E-SERVED 07/27/04 01:28 PM ET Baycol MDL 1431

Bell&Bands PLLC
*Attorneys at Law*

*Harry F. Bell, Jr.*
*William L. Bands*
*Tim J. Yianne*

*30 Capitol Street*
*P. O. Box 1723*
*Charleston, WV 25326-1723*

*Phone* *304/345-1700*
*Facsimile* *304/345-1715*
*Facsimile2* *304/344-1956*

*Sender: tjyianne@belllaw.com* *www.belllaw.com*

July 2, 2004

James W. Mizgala, Esquire
Sidley, Austin, Brown & Wood, LLP
Bank One Plaza
10 S. Dearborn Street
Chicago, IL 60603

Re: Michael Black, et al., Case No. 02-0199

Dear Mr. Mizgala:

I am in receipt of your letter suggesting plaintiffs' supplemental discovery is overdue, and thank you for the same. As I believe you are aware, the above-action is a class action which only seeks damages for economic losses. In other words, no personal injury damages are being sought. Accordingly, in regard to PTO 114, we have taken the position that a Rule 26(a)(2) case-specific report from a medical expert attesting that Baycol caused my clients to suffer medical injuries is not necessary in the above-action.

I hope this clarifies any misunderstandings. If you have any questions or require additional information, please do not hesitate to contact me

Sincerely,

Tim J. Yianne

cc: Deanna Dailey
Jean M. Geoppinger
Fred T. Magaziner

EXHIBIT
B

E-SERVED
07/27/04
01:28 PM ET
Baycol MDL 1431

SIDLEY AUSTIN BROWN & WOOD LLP

BEIJING
BRUSSELS
CHICAGO
DALLAS
GENEVA
HONG KONG
LONDON

BANK ONE PLAZA
10 S. DEARBORN STREET
CHICAGO, ILLINOIS 60603
TELEPHONE 312 853 7000
FACSIMILE 312 853 7036
www.sidley.com

FOUNDED 1866

LOS ANGELES
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
TOKYO
WASHINGTON, D.C.

WRITER'S DIRECT NUMBER
(312) 853-4710

WRITER'S E-MAIL ADDRESS
sknutson@sidley.com

July 19, 2004

VIA FACSIMILE AND U.S. MAIL
Tim J. Yianne
Bell & Bands PLLC
30 Capitol Street
P.O. Box 1723
Charleston, WV 25326-1723

Re: *Michael Black, et al. v. Bayer Corp., et al., MDL No. 02-0199*
PTO 114 Delinquency

Dear Mr. Yianne:

I am writing in response to your letter dated July 2, 2004. Defendants disagree that plaintiffs need not submit supplemental discovery pursuant to PTO 114 in the above-mentioned case. In fact, in order to preserve your "position" that discovery need not be submitted because plaintiffs seek recovery for economic losses, plaintiffs were required to file a motion for relief from PTO 114 with the Court by June 7, 2004. *See* PTO 114 §§ I(F) and III(A). Given that no such motion was filed, it is defendants' position that plaintiffs' PTO 114 submissions are overdue.

Therefore, defendants will recommend that plaintiffs' claims be dismissed with prejudice pursuant to PTO 114 § VI for failure to provide PTO 114 submissions.

Very truly yours,

Sherry A. Knutson

cc: Jean M. Geoppinger
Deanna Dailey
Fred T. Magaziner

EXHIBIT
tabbies
C