E-SERVED 08/17/04 04:21 PM ET Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**In Re: BAYCOL PRODUCTS LITIGATION** | **MDL No. 1431 (MJD/JGL)**

**This Document Relates To:**

Michael Black, et al. v. Bayer Corp., et al. | MDL Case No. 02-199

---

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM PARTS I(A) AND I(B) OF PTO 114**

Plaintiffs assert claims for breach of express and implied warranties, unjust enrichment, and violation of the West Virginia Consumer Credit and Protection Act. *See* Pls.' Compl., at ¶¶ 37-40, 41-45, 46-49, 50-63. Plaintiffs argue that, because they assert claims only for economic losses and not for personal injuries, they should not be required to produce case-specific expert reports pursuant to PTO 114. This Court has already rejected this argument *three times* and should do so again in this case.

Specifically, in conjunction with the Plaintiffs' Steering Committee's motion for class certification, this Court held that "to succeed on either the unjust enrichment or breach of warranty claims, Plaintiffs would have to demonstrate that they were either injured by Baycol, or that Baycol did not provide them any health benefits." *In re Baycol Prod Liab. Lit*., 218 F.R.D. at 213-214 (D. Minn. 2003). This Court recently re-affirmed this ruling in its Orders of 8/09/04 (attached as Exh. A) in *Shaw v. Bayer Corp*., MDL No. 02-433 ("it is clear that Plaintiff will have to demonstrate injury in order to succeed with respect to the unjust enrichment claim") and *Kofsky v. Bayer*

E-SERVED
08/17/04
04:21 PM ET
Baycol MDL 1431

*Corp.*, MDL No. 02-141 ("it is clear that Plaintiff will have to demonstrate injury in order to succeed with respect to warranty, fraud and equitable claims").

West Virginia law likewise requires Plaintiffs to demonstrate injury by Baycol or that Baycol did not provide them any health benefits to recover on either a breach of warranty claim, *see Jones, Inc. v. W. A. Wiedebusch Plumbing & Heating Co.*, 201 S.E.2d 248, 254 (W. Va. 1973) ("[p]laintiff must, of course, prove by a preponderance of the evidence that it was damaged as a result of any breach"), or an unjust enrichment claim, *see Copley v. Mingo County Bd. of Educ.*, 466 S.E.2d 139 (W. Va. 1995), *see also Dunlap v. Hinkle*, 317 S.E.2d 508, 512 (W. Va. 1984). Accordingly, Plaintiffs' motion for relief from Parts I(A) and I(B) of PTO 114 should be denied.

Plaintiffs' citation to this Court's Order of 7/19/04 in *Allied Services Division v. Bayer Corp., et al.*, MDL No. 02-1255, as grounds for relief from PTO 114 I(A) and I(B), *see* Pls.' Motion, at 3-4, is clearly inapposite. *Allied Services Division* involved a *health benefit plan* seeking reimbursement for itself and for other health benefit plans. *See* Order of 7/19/04, attached as Exh. B. There, Defendants opposed the merits of plaintiff's request for relief from PTO 114 but did *not* oppose plaintiff's motion, as the plaintiff did not, at the time of the motion, have the necessary information from its beneficiaries to show injury or lack of health benefit from Baycol. *See id.* Unlike in *Allied Services Division*, Defendants oppose this motion because this case involves *individuals* who will have ready access to the information necessary to show injury or lack of health benefit from Baycol, if such evidence exists. *Allied Services Division* thus provides no grounds for these Plaintiffs' request for relief from PTO 114.

For all of these reasons, this Court should deny Plaintiffs' motion for relief from PTO 114 and order them to comply with PTO 114 within 10 days.

E-SERVED
08/17/04
04:21 PM ET
Baycol MDL 1431

Dated: August 17, 2004

Respectfully submitted,

/signature on file/
Susan A. Weber
James W. Mizgala
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

Gene C. Schaerr
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
(412) 566-6000

Peter W. Sipkins (No.101540)
DORSEY & WHITNEY LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402
(612) 340-2600

*Counsel for Bayer Corporation and Bayer AG*

/signature on file/
Scott A. Smith
Tracy J. Van Steenburgh
HALLELAND LEWIS NILAN
SIPKINS & JOHNSON, P.A.
220 South Sixth Street, Suite 600
Minneapolis, Minnesota 55402-4501
(612) 338-1838

Fred T. Magaziner
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103
(215) 994-4000

*Counsel for SmithKline Beecham Corp. d/b/a GlaxoSmithKline and GlaxoSmithKline plc*

E-SERVED
08/17/04
04:21 PM ET
Baycol MDL 1431

CERTIFICATE OF SERVICE

I, David L. Barlett, certify that a true and correct copy of Defendants' Memorandum in Opposition to Plaintiffs' Motion for Relief from Parts I(A) and I(B) of PTO 114 was electronically served to counsel of record via Verilaw on August 17, 2004, in the case number listed below.

*Black*, No. 02-0199