E-SERVED
08/17/04
04:21 PM ET
Baycol MDL 1431

# Exhibit A

E-SERVED
08/17/04
04:21 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**In re: BAYCOL PRODUCTS LITIGATION** **MDL No. 1431 (MJD/JGL)**

**This Document Relates To:**

Shaw v. Bayer Corp., et al. Case No. 02-433

Robert A. Jigarjian and Robert S. Green, Green & Jigarjian LLP for and on behalf of Plaintiffs.

Peter W. Sipkins, Dorsey & Whitney, Philip S. Beck and Adam L. Hoeflich, Bartlit Beck Herman Palenchar & Scott, Susan A. Weber, Eugene A. Schoon, James Mizgala and Sherry A. Knutson, Sidley Austin Brown & Wood, Gene C. Shaerr, Karen A. Popp, Paul J. Zidlicky and Rebecca Wood, Sidley Austin Brown & Wood, Richard K. Dandrea, Eckert Seamens Cherin & Mellott, LLC and Douglas R. Marvin for and on behalf of Bayer Corporation.

Tracy J. Van Steenburgh, Halleland Lewis Nilan Sipkins & Johnson, P.A. and Fred T. Magaziner, Thomas F. Munno, Debra D. O'Gorman and Lavinia H. Denniston, Dechert LLP for and on behalf of SmithKline Beecham Corp. d/b/a GlaxoSmithKline.

---

This matter is before the Court upon Plaintiff's motion for relief from parts I(A) and I(B) of PTO No. 114, which require that Plaintiffs submit either a case-specific expert report from a medical expert attesting that Baycol caused the plaintiff injury or a letter and supporting documents, followed by a case-specific expert report, that identifies and highlights the medical records, samples or prescriptions that document Baycol use, states the specific injury alleged, and

E-SERVED 08/17/04 04:21 PM ET Baycol MDL 1431

copies of relevant medical, sample or prescription records.

In this case, Plaintiff has alleged a cause of action pursuant to the California Business & Professions Code, Section 17200 and 17203, as well as an unjust enrichment. Plaintiff seeks restitution and/or disgorgement and other equitable relief, injunctive relief and postjudgment and prejudgment interest, attorneys's fees, witness fees and costs. Plaintiff submits that as he is not seeking to recover any damages for personal injuries, there is no need for a case specific medical expert regarding personal injuries.

Bayer opposes the motion, arguing that this Court has already held, in conjunction with PSC's motion for class certification, that to succeed on claims of unjust enrichment and breach of warranty, "Plaintiffs would have to demonstrate that they were either injured by Baycol, or that Baycol did not provide them any health benefits." In re Baycol Prod. Liab. Lit., 218 F.R.D. 197, 213-214 (D. Minn. 2003). Further Bayer argues that without demonstrating proof of injury, Plaintiff cannot establish Article III standing, and the case would have to be dismissed.

In reviewing the relevant California case law governing Plaintiff's claims, it is clear that Plaintiff will have to demonstrate injury in order to succeed with respect to the unjust enrichment claim. To recover on an unjust enrichment claim, California law provides that a plaintiff must show receipt of a benefit and the unjust retention of such benefit at the expense of plaintiff. Lectrodryer v.

E-SERVED
08/17/04
04:21 PM ET
Baycol MDL 1431

Seoul Bank, 77 Cal.App.4th 723, 726, 91 Cal. Rptr. 2d 881 (Cal. App. 2 Dist. 2000). This is consistent with this Court's prior order in which it found unjust enrichment and breach of warranty claims required proof that Plaintiff was harmed or received no benefit from Baycol. 218 F.R.D. at 213-214. In addition, this Court has already found that California, as well as a number of other states, requires case specific experts to prove the type of injury at issue in the Baycol cases. Ronwin et al. v. Bayer Corporation, (In re Baycol Prod. Liab. Lit.) MDL No. 1431, Civil No. 02-200 (D. Minn. June 10, 2004). The Court thus finds that Plaintiff has failed to show that a case specific expert will not be required to prove his claims. Accordingly,

IT IS HEREBY ORDERED that the Plaintiff's Motion for Relief From Parts I(A) and I(B) is DENIED.

Date: August 9, 2004

s/ Michael J. Davis
Michael J. Davis
United States District Court

E-SERVED
08/17/04
04:21 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**In re: BAYCOL PRODUCTS LITIGATION** **MDL No. 1431 (MJD/JGL)**

**This Document Relates To:**

Loren Kofsky v. Bayer Corp., et al. Case No. 02-141

Tracy D. Resvani, Finkelstein Thompson & Loughran, Sean M Foldenauer, Frantz, Townsend & Foldenauer, LLP, James C. Krause, Krause & Kalfayan, and Jeffrey Estes, Estes & Associates for and on behalf of Plaintiffs.

Peter W. Sipkins, Dorsey & Whitney, Philip S. Beck and Adam L. Hoeflich, Bartlit Beck Herman Palenchar & Scott, Susan A. Weber, Eugene A. Schoon, James Mizgala and Sherry A. Knutson, Sidley Austin Brown & Wood, Gene C. Shaerr, Karen A. Popp, Paul J. Zidlicky and Rebecca Wood, Sidley Austin Brown & Wood, Richard K. Dandrea, Eckert Seamens Cherin & Mellott, LLC and Douglas R. Marvin for and on behalf of Bayer Corporation.

Tracy J. Van Steenburgh, Halleland Lewis Nilan Sipkins & Johnson, P.A. and Fred T. Magaziner, Thomas F. Munno, Debra D. O'Gorman and Lavinia H. Denniston, Dechert LLP for and on behalf of SmithKline Beecham Corp. d/b/a GlaxoSmithKline.

---

This matter is before the Court upon Plaintiff's motion for relief from parts I(A) and I(B) of PTO No. 114, which require that Plaintiffs submit either a case-specific expert report from a medical expert attesting that Baycol caused the plaintiff injury or a letter and supporting documents, followed by a case-specific expert report, that identifies and highlights the medical records, samples or prescriptions that document Baycol use, states the specific injury alleged, and

E-SERVED
08/17/04
04:21 PM ET
Baycol MDL 1431

copies of relevant medical, sample or prescription records.

In this case, Plaintiff has alleged causes of action pursuant to California Civil Code, Section 1750, the California Business & Professions Code, Sections 17200 and 17500, breach of implied warranty, fraudulent concealment and medical monitoring. Plaintiff seeks a refund of the purchase price of Baycol, disgorgement of profits, actual and compensatory damages for the purchase of Baycol, costs and expenses associated with medical monitoring, prejudgment and postjudgment interest and attorneys fees. Plaintiff submits that as he is not seeking to recover any damages for personal injuries, there is no need for a case specific medical expert regarding personal injuries.

Bayer opposes the motion, arguing that this Court has already held, in conjunction with PSC's motion for class certification, that to succeed on claims of unjust enrichment and breach of warranty, "Plaintiffs would have to demonstrate that they were either injured by Baycol, or that Baycol did not provide them any health benefits." In re Baycol Prod. Liab. Lit., 218 F.R.D. 197, 213-214 (D. Minn. 2003). Further Bayer argues that without demonstrating proof of injury, Plaintiff cannot establish Article III standing, and the case would have to be dismissed.

In reviewing the relevant California case law governing Plaintiff's claims, it is clear that Plaintiff will have to demonstrate injury in order to succeed with respect to the warranty, fraud and equitable claims. For example, pursuant to

E-SERVED 08/17/04 04:21 PM ET Baycol MDL 1431

California law, the elements of a warranty cause of action are: 1. There was a sale of goods; the defendant was the seller, and plaintiff a buyer; 2. Defendant impliedly warranted the goods sold; 3. There was a breach of warranty; and 4. The breach of warranty caused plaintiff to suffer injury, damage, loss or harm; and 5. The plaintiff gave defendant timely notice of the breach of warranty. Scott v. Metabolife Intern., Inc. 115 Cal. App. 4th 404, 9 Cal. Rptr. 3rd 242, 250 (Cal. App. 3 Dist. 2004). To recover on an unjust enrichment claim, California law provides that a plaintiff must show receipt of a benefit and the unjust retention of such benefit at the expense of plaintiff. Lectrodryer v. Seoul Bank, 77 Cal.App.4th 723, 726, 91 Cal. Rptr. 2d 881 (Cal. App. 2 Dist. 2000). Finally, to succeed on his claim of fraudulent concealment, Plaintiff must show (1) false representation, concealment or nondisclosure; (2) knowledge of falsity, or scienter; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. Agosto v. Astor, ___ Cal. Rptr. 3rd ___, 2004 WL 1542251 (Cal. App., 4 Dist., July 12, 2004).

As demonstrated above, California law is consistent with this Court's prior order in which it found unjust enrichment and breach of warranty claims required proof that Plaintiff was harmed or received no benefit from Baycol. In addition, this Court has already found that California, as well as a number of other states, requires case specific experts to prove the type of injury at issue in the Baycol

E-SERVED
08/17/04
04:21 PM ET
Baycol MDL 1431

cases. Ronwin et al. v. Bayer Corporation, (In re Baycol Prod. Liab. Lit.) MDL No. 1431, Civil No. 02-200 (D. Minn. June 10, 2004). The Court thus finds that Plaintiff has failed to show that a case specific expert will not be required to prove his claims. Accordingly,

IT IS HEREBY ORDERED that the Plaintiff's Motion for Relief From Parts I(A) and I(B) is DENIED.

Date: August 9, 2004

s/ Michael J. Davis
Michael J. Davis
United States District Court

E-SERVED
08/17/04
04:21 PM ET
Baycol MDL 1431

# Exhibit B

E-SERVED 08/17/04 04:21 PM ET Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**In re: BAYCOL PRODUCTS LITIGATION** **MDL No. 1431 (MJD/JGL)**

**This Document Relates To:**

Allied Services Division v. Bayer Corp., et al. Case No. 02-1255

Arthur Sadin, Provost Umphrey, L.L.P. , for and on behalf of Plaintiffs.

Peter W. Sipkins, Dorsey & Whitney, Philip S. Beck and Adam L. Hoeflich, Bartlit Beck Herman Palenchar & Scott, Susan A. Weber, James Mizgala and Sherry A. Knutson, Sidley Austin Brown & Wood, Gene C. Shaerr, Sidley Austin Brown & Wood, and Richard K. Dandrea, Eckert Seamens Cherin & Mellott, LLC for and on behalf of Bayer Corporation.

Scott A. Smith and Tracy J. Van Steenburgh, Halleland Lewis Nilan Sipkins & Johnson, P.A. and Fred T. Magaziner, Dechert LLP for and on behalf of SmithKline Beecham Corp. d/b/a GlaxoSmithKline.

---

This matter is before the Court upon the Plaintiff Allied Services Division Welfare Fund ("ASD") motion for relief from parts I(A) and I(B) of PTO No. 114, which require that Plaintiffs submit either a case-specific expert report from a medical expert attesting that Baycol caused the plaintiff injury or a letter and supporting documents, followed by a case-specific expert report, that identifies and highlights the medical records, samples or prescriptions that document Baycol use, states the specific injury alleged, and copies of relevant medical, sample or prescription records.

E-SERVED
08/17/04
04:21 PM ET
Baycol MDL 1431

In this case, ASD is a health benefit plan that has purchased, reimbursed or otherwise paid for Baycol prescriptions for its members. ASD seeks economic damages for itself and other health benefit plans in the nature of a refund action. As the case does not involve claims of personal injury, ASD argues that the requirements of a case specific expert are not applicable.

While Defendants oppose the merits of the argument put forth by ASD, they nonetheless do not oppose ASD's motion for relief from PTO No. 114, recognizing that ASD does not, at this time, have the necessary information from its beneficiary's to show injury or lack of health benefit from Baycol.

Accordingly,

IT IS HEREBY ORDERED that the Plaintiff's Motion for Relief From Parts I(A) and I(B) is GRANTED.

Date: July 19, 2004

s/ Michael J. Davis
Michael J. Davis
United States District Court