E-SERVED
08/17/04
05:55 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**In re BAYCOL PRODUCTS LITIGATION** **MDL No. 1431 (MJD/JGL)**

**This Document Relates to the following case:**

MICHAEL EUGENE BLACK and
GEORGE F. MCCOLLINS, individually,
and on behalf of all other similarly situated,

Court File No. 02-CV-199 MJD/JGL

Plaintiffs,

v.

BAYER CORPORATION,
BAYER AG, and
GLAXOSMITHKLINE, PLC

Defendants.

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR**
**RELIEF FROM PARTS I(A) AND I(B) OF PTO 114**

On July 27, 2004, plaintiffs in the above-captioned case filed a motion for relief from Parts I(A) and I(B) of PTO 114 arguing that they should not be required to produce case-specific expert reports because they assert claims only for economic losses and not for personal injuries. Plaintiffs' request should be denied for two reasons. First, plaintiffs' requested relief was, by their own admission, filed more than six weeks after the deadline for filing expert reports under PTO 114. And plaintiffs have failed to show excusable neglect to support their late filing. Second, even if this Court reaches the merits of plaintiffs' request for relief from PTO 114, it should still be denied because all plaintiffs, including those seeking only economic loss, must prove they were damaged by Baycol.

E-SERVED 08/17/04 05:55 PM ET Baycol MDL 1431

1. Plaintiffs acknowledge that they filed this request for relief more than six weeks after the June 7, 2004 deadline established under PTO 114. *See* Br. at ¶¶ 2, 11; PTO 114, Part III(A). Moreover, plaintiffs concede that they must seek relief from PTO 114, even for their economic loss claims. *See* Br. at ¶ 11. Because plaintiffs filed their request for relief late, they must first establish "excusable neglect" under Federal Rule of Civil Procedure 6(b)(2) in order to obtain an enlargement of time. Plaintiffs have failed to make that showing.

The only excuse plaintiffs provide for failing to request timely relief is that they did not read Part I(F) of PTO 114 to apply to plaintiffs' actions because they were seeking only economic loss claims. As plaintiffs now admit, they were incorrect on the law. *See* Br. at ¶ 10. Plaintiffs claim, however, that they had no reasonable belief that plaintiffs seeking only economic loss had to seek relief under PTO 114, based on this Court's decision in *Allied Services Division* v. *Bayer Corp.*, No. 02-1255 (July 9, 2004).[1] But the plain language of PTO 114 and this Court's decision in *In re Baycol Prods. Liab. Litig.*, 218 F.R.D. 197 (D. Minn. 2003) made clear at least nine months prior to the June 7, 2004 deadline, that *all* plaintiffs, including those seeking economic loss, would have to prove damages suffered from Baycol and either comply with PTO, Parts I(A) or I(B) or file for relief from PTO 114 under Part I(F). Regardless of whether plaintiffs' mistake of law was reasonable (which, as shown below, it is not), "mistakes of law do not constitute excusable neglect." *Ceridian Corp.* v. *SCSC Corp.*, 212 F.3d 398, 404 (8th Cir. 2000).

Application of the rule from *Ceridian* is particularly appropriate in cases such as this one, where plaintiffs have no reasonable interpretation of the law to support their claim that compliance with PTO 114 was not necessary. Even a reasonable effort to research the issue

[1] As explained *supra* at 4-5, plaintiffs misinterpret *Allied Services* in any event.

E-SERVED 08/17/04 05:55 PM ET Baycol MDL 1431

would have made clear that, at a minimum, a plaintiff would need to seek relief under Part I(F) *prior* to the deadline for expert reports. Plaintiffs' purported assumption that economic loss claims were not covered under PTO 114 is simply not reasonable in light of its plain language. For example, Part I clearly states that "*each plaintiff* must comply with either Party I(A) or Part I(B) *according to the deadlines in Part III*." (emphasis added). By its clear terms, Part I applies to *all* plaintiffs. It provides no automatic exclusion from the requirements in Parts I(A) or I(B) for any plaintiff, regardless of the nature of their claims. And Parts I(A) and I(B) further bolster this interpretation, specifically requiring "[e]ach plaintiff" to submit an expert report. Therefore, by its own terms (which plaintiffs ignore in their application for relief), PTO 114 provides a universal requirement applicable to all plaintiffs.

The only procedure through which any plaintiff may be relieved of his obligations under Parts I(A) and I(B) is to comply with Part I(F), which states that a

> plaintiff may bring a motion, *prior to the applicable deadline*, before this Court seeking relief from the provisions of Parts I(A) and I(B) if the plaintiff asserts that no applicable law requires a case-specific expert report attesting that Baycol caused the plaintiff to suffer injuries or damages, or that no supporting medical, sample or prescription records exists, or that no report or records are available.

PTO 114, Part I(F) (emphasis added). Again, plaintiffs attempt to avoid the plain language by omitting that Part I(F) requires a motion to be brought "prior to the application deadline," which in this case was June 7, 2004 under Part III. As with the rest of PTO 114, Part I(F) does not give plaintiffs seeking only economic loss automatic relief from Parts I(A) and I(B). Had plaintiffs believed that economic loss claimants should be categorically exempted from Parts I(A) and I(B), they should have filed for relief prior to June 7, 2004, as even they now recognize.

Plaintiffs also imply that they were exempt from PTO 114, without reliance on Part I(F), because "no applicable law" requires a case-specific expert report for economic loss claims. Br.

E-SERVED
08/17/04
05:55 PM ET
Baycol MDL 1431

at ¶ 2. This contorted interpretation of Part I(F) fails as well. Indeed, plaintiffs' position is refuted by this Court's decision in *In re Baycol*, 218 F.R.D. 197, issued six months prior to PTO 114 and nine months prior to plaintiffs' deadline for requesting relief from PTO 114. As in *In re Baycol*, 218 F.R.D. 197, plaintiffs here have alleged a class action under state law for, *inter alia*, breach of express and implied warranties and medical monitoring. The gist of plaintiffs' complaint is that plaintiffs would not have purchased Baycol had they known of its alleged dangers; therefore, plaintiffs argue, defendants should be ordered to disgorge all monies obtained from the sale of Baycol. These allegations are similar to those this Court addressed in connection with the Plaintiffs' Steering Committee's ("PSC") motion for certification of an economic loss class. Plaintiffs here appear to contend, as did the PSC, that it is immaterial whether plaintiffs sustained any injury. However, this Court held otherwise in denying class certification, stating that, "[c]ontrary to Plaintiff's argument, to succeed on either the unjust enrichment or breach of warranty claims, Plaintiffs would have to demonstrate that they were either injured by Baycol, or that Baycol did not provide them any health benefits." *In re Baycol*, 218 F.R.D. at 213-14.

Here, too, the ability of plaintiffs to proceed on their warranty, unjust enrichment, and various fraud-based claims will depend on their ability to demonstrate injury or lack of health benefit related to Baycol. These issues can and should be addressed through a PTO 114 case-specific expert report. Plaintiffs' asserted reason for their failure to comply with Part I(F) in requesting relief from Part I(A) or I(B) is based upon a mistaken interpretation of the governing law and therefore does not constitute "excusable neglect" as required under Rule 6(b)(2).

2. Even if the Court enlarges plaintiffs' time to file their requested for relief from PTO 114, plaintiffs' motion to avoid filing case-specific expert reports should still be denied. As

E-SERVED
08/17/04
05:55 PM ET
Baycol MDL 1431

explained above, this Court's decision in *In re Baycol Prods. Liab. Litig.*, 218 F.R.D. at 213-24 makes clear that plaintiffs bear the burden, even in economic loss claims, to prove that they were injured, which they must do through expert reports.

Plaintiffs' attempt to avoid this conclusion by relying on *Allied Services Division Welfare Fund* v. *Bayer AG*, No. 02-1255 (July 9, 2004) is unavailing. In *Allied Services*, plaintiff was a health and welfare fund that provided health benefits for its beneficiaries. Plaintiff's claims were based on subrogation. Defendants did not object to plaintiff's request for temporary relief from PTO 114 only because "ASD may not have [beneficiary medical records] in its hands at the present time." Bayer's Response to Motion for Relief From Parts I(A) and I(B) of PTO, at 1-2. But defendants made clear that in order to recover on their claims, even ASD "will be required to establish that their beneficiaries either were injured by Baycol, or that Baycol did not provide their beneficiaries any benefit." *Id.* at 2. This Court only granted ASD relief from PTO 114 in *Allied Services* because of defendants' concession in this regard. Here, however, plaintiffs are in an entirely different situation. They are trying to recover for claims on their own behalf. They clearly have, or should have, their own medical records available. Nor do plaintiffs argue that the lack of medical records have impeded their ability to obtain their expert reports. Instead, the reason for plaintiffs' failure to obtain expert reports is clear: they wrongly believed they were not required to do so. Plaintiffs were wrong. Therefore, defendants do not consent in this case to any relief from PTO 114. Accordingly, plaintiffs' request for relief from PTO 114 should be denied.

E-SERVED
08/17/04
05:55 PM ET
Baycol MDL 1431

**CONCLUSION**

The Court should deny plaintiffs' motion for relief from PTO 114 because plaintiffs have failed to request timely relief and plaintiffs' request is meritless for the reasons explained above.

Dated: August 17, 2004

Respectfully Submitted,

//Original Signature on File//
Peter W. Sipkins (#101540)
DORSEY & WHITNEY LLP
Elizabeth S. Wright (#184111)
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402
Phone: 612-340-2600

Susan A. Weber
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
Phone: 312-853-7000

Philip S. Beck
Adam L. Hoeflich
BARTLIT BECK HERMAN
PALENCHAR
& SCOTT LLP
54 W. Hubbard Street, Suite 3000
Chicago, IL 60610
Phone: 312-494-4400

Gene C. Schaerr
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street N.W.
Washington, D.C. 20005
Phone: 202-736-8000

E-SERVED
08/17/04
05:55 PM ET
Baycol MDL 1431

Richard K. Dandrea
ECKERT SEAMANS CHERIN &
MELLOTT LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Phone: 412-566-6000

Douglas R. Marvin
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000

*Counsel for Bayer Corporation and Bayer AG*

E-SERVED
08/17/04
05:55 PM ET
Baycol MDL 1431

**CERTIFICATE OF SERVICE**

I, Amy Haberman, certify that a true and correct copy was electronically served to counsel of record via Verilaw on August 17, 2004.

Amy L. Haberman
_______________________