E-SERVED
08/20/04
05:38 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**In Re: BAYCOL PRODUCTS LITIGATION**

**MDL No. 1431 (MJD/JGL)**

**This Document Relates To:**

Michael Black, et al. v. Bayer Corp., et al.

MDL Case No. 02-199

---

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM PTO 114**

Like the plaintiffs in *Shaw* and *Kofsky*, plaintiffs here argue that, because they assert claims only for economic losses and not for personal injuries, they should not be required to produce case-specific expert reports pursuant to PTO 114. This Court has already rejected this argument on the merits. Here, plaintiffs' motion not only is unsupported by the law, it is untimely. The motion therefore should be denied.[1]

I. Plaintiffs' case-specific expert reports were due June 7. *See* PTO 114 ¶ III.A. Similarly, any motion for relief from PTO 114 was due by that date. *See id.* ¶I.F. Plaintiffs concede that this request, filed July 27, was six weeks late. *See* Pl. Br. ¶¶ 2, 11. In essence, they assert that it never occurred to them that PTO 114 would apply to their cases until they learned that this Court was ruling on motions for relief filed by *other* plaintiffs asserting economic loss claims. *Id.* at ¶ 11.

---

[1] Defendants previously, mistakenly, submitted two briefs in opposition to this motion. Those briefs have been withdrawn.

E-SERVED 08/20/04 05:38 PM ET Baycol MDL 1431

This does not constitute the "excusable neglect" required now to receive an enlargement of time for at least four reasons. *See* Fed. R. Civ. P. 6(b)(2).

- PTO 114 made no exception for any category of case. To the contrary, it expressly states that "*each plaintiff* must comply with either Part I(A) or Part I(B) *according to the deadlines in Part III.*" PTO 114 ¶ I (emphasis added).
- Plaintiffs had no basis for assuming that PTO 114 did not apply to economic loss claims. Last fall this Court ruled, in denying class certification of economic loss claims, that "to succeed on either the unjust enrichment or breach of warranty claims, Plaintiffs would have to demonstrate that they were injured by Baycol, or that Baycol did not provide them any health benefits." *In re Baycol*, 218 F.R.D.197, 213-14 (D. Minn. 2003). Given this ruling, any assumption that PTO 114 would not apply to the claims of these plaintiffs was manifestly unreasonable.
- Had plaintiffs examined West Virginia law, they would have seen that it is consistent with this Court's ruling in *In re Baycol*. *See infra*, Part II.
- In any event, plaintiffs' excuse is, at best, a mistake of law, and "mistakes of law do not constitute excusable neglect." *Ceridian Corp. v. SCSC Corp.*, 12 F.3d 398, 404 (8th Cir. 2000).

Accordingly, this Court should deny plaintiffs' motion as untimely under PTO 114.

II. Plaintiffs' motion also fails on the merits. In addition to its ruling in *In re Baycol*, this Court recently held in *Shaw v. Bayer Corp.*, MDL No.

E-SERVED
08/20/04
05:38 PM ET
Baycol MDL 1431

02-433, and *Kofsky v. Bayer Corp.*, MDL No. 02-141, that proof of injury was required to proceed on economic loss claims. *See Shaw,* Order of 8/9/04 ("it is clear that Plaintiff will have to demonstrate injury in order to succeed with respect to the unjust enrichment claim") (Ex. A); *Kofsky*, Order of 8/9/04 ("it is clear that Plaintiff will have to demonstrate injury in order to succeed with respect to warranty, fraud and equitable claims") (Ex. B).

West Virginia law likewise requires Plaintiffs to demonstrate injury by Baycol or that Baycol did not provide them any health benefits to recover on either a breach of warranty claim, *see Jones, Inc. v. W. A. Wiedebusch Plumbing & Heating Co.*, 201 S.E.2d 248, 254 (W. Va. 1973) ("[p]laintiff must, of course, prove by a preponderance of the evidence that it was damaged as a result of any breach"), or an unjust enrichment claim, *see Copley v. Mingo County Bd. of Educ.*, 466 S.E.2d 139 (W. Va. 1995), *see also Dunlap v. Hinkle*, 317 S.E.2d 508, 512 (W. Va. 1984). Accordingly, Plaintiffs' motion for relief from Parts I(A) and I(B) of PTO 114 should be denied.

Plaintiffs' reliance on this Court's Order of 7/19/04 in *Allied Services Division v. Bayer Corp., et al.*, MDL No. 02-1255, is misplaced. *See* Pls.' Motion, at ¶¶ 8-10. *Allied Services Division* involved a *health benefit plan* seeking reimbursement for itself and for other health benefit plans. *See* Order of 7/19/04, attached as Ex. C. Defendants did *not* oppose plaintiff's motion, as the plaintiff did not, at the time of the motion, have the necessary information from its beneficiaries to show injury or lack of health benefit from Baycol. *See id.* Unlike in *Allied Services Division*, Defendants oppose this

E-SERVED
08/20/04
05:38 PM ET
Baycol MDL 1431

motion because this case involves *individuals* who will have ready access to the information necessary to show injury or lack of health benefit from Baycol, if such evidence exists. *Allied Services Division* thus provides no grounds for these Plaintiffs' request for relief from PTO 114.

For all of these reasons, this Court should deny Plaintiffs' motion for relief from PTO 114 and order them to comply with PTO 114 within 10 days.

Dated: August 20, 2004

E-SERVED
08/20/04
05:38 PM ET
Baycol MDL 1431

Respectfully submitted,

/signature on file/

/signature on file/

Susan A. Weber
James W. Mizgala
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

Gene C. Schaerr
Ryan Nelson
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
(412) 566-6000

Peter W. Sipkins (No.101540)
DORSEY & WHITNEY LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402
(612) 340-2600

*Counsel for Bayer Corporation and Bayer AG*

Scott A. Smith
Tracy J. Van Steenburgh
HALLELAND LEWIS NILAN
SIPKINS & JOHNSON, P.A.
220 South Sixth Street, Suite 600
Minneapolis, Minnesota 55402-4501
(612) 338-1838

Fred T. Magaziner
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103
(215) 994-4000

*Counsel for SmithKline Beecham Corp. d/b/a GlaxoSmithKline and GlaxoSmithKline plc*

E-SERVED
08/20/04
05:38 PM ET
Baycol MDL 1431

CERTIFICATE OF SERVICE

I, David L. Barlett, certify that a true and correct copy of Defendants' Memorandum in Opposition to Plaintiffs' Motion for Relief from PTO 114 was electronically served to counsel of record via Verilaw on August 20, 2004, in the case number listed below.

*Black*, No. 02-0199