**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| **In re: BAYCOL PRODUCTS LITIGATION** | **MDL No. 1431 (MJD/JGL)** |
| **This Document Relates To:** | |
| Michael E. Black, et al. v. Bayer Corp., et al. | Case No. 02-199 |

---

Harry F. Bell, Jr. and Tim J. Yianne, Bell & Bands, PLLC for and on behalf of Plaintiffs.

Susan A. Weber and James Mizgala, Sidley Austin Brown & Wood, Philip S. Beck and Adam L. Hoeflich, Bartlit Beck Herman Palenchar & Scott,, Gene C. Shaerr and Ryan Nelson, Sidley Austin Brown & Wood, Richard K. Dandrea, Eckert Seamens Cherin & Mellott, LLC and Peter W. Sipkins, Dorsey & Whitney for and on behalf of Bayer Corporation.

Scott A. Smith and Tracy J. Van Steenburgh, Halleland Lewis Nilan Sipkins & Johnson, P.A. and Fred T. Magaziner, Dechert LLP for and on behalf of SmithKline Beecham Corp. d/b/a GlaxoSmithKline.

---

This matter is before the Court upon Plaintiffs' motion for relief from parts I(A) and I(B) of PTO No. 114, which require that Plaintiffs submit either a case-specific expert report from a medical expert attesting that Baycol caused the plaintiff injury or a letter and supporting documents, followed by a case-specific expert report, that identifies and highlights the medical records, samples or prescriptions that document Baycol use, states the specific injury alleged, and copies of relevant medical, sample or prescription records.

In this case, Plaintiffs' case specific expert reports were due June 7, 2004 pursuant to PTO No. 114, ¶ III(A). A motion for relief under PTO No. 114 was also due by June 7, 2004. PTO No. 114, ¶ I(F). The instant motion was not filed, however, until July 27, 2004. Recognizing that the motion is untimely, Plaintiffs seek an enlargement of time to seek relief under PTO No. 114 on the basis that counsel had formed a good faith belief that case specific expert reports weren't required in this case as Plaintiffs are seeking only economic damages.

Analysis

Rule 6(b) of the Federal Rules of Civil Procedure provides that a party may seek an enlargement of time to comply with a court order after the expiration of the specified period set forth in such order, but that such relief may only be granted upon a showing of excusable neglect. The Eighth Circuit has recognized that "excusable neglect" can include "late filings caused by inadvertence, mistake or carelessness." Sugarbaker, M.D. v. SSM Health Care, 187 F.3d 853, 856 (8th Cir. 1999)(quoting Pioneer Inv. Servs. v. Brunswick Assocs, Ltd Partnership, 507 U.S. 380, 388 (1993)). The following factors have been determined relevant to this inquiry: 1) prejudice to the non-moving party; 2) length of the delay; 3) reasons for the delay; and 4) whether the moving party acted in good faith. Id.

In this case, Plaintiffs assert the motion for relief under PTO No. 114 was not timely filed because of a good faith belief that a case specific expert report was

not necessary where only economic damages are sought. Bayer argues that Plaintiffs' good faith belief regarding the interpretation of PTO No. 114 is a mistake of law, which does not constitute excusable neglect.

Generally, mistakes of law will not constitute excusable neglect. See Ceridian Corporation v. SCSC Corp., 212 F3d. 398, 404 (8th Cir. 2000). An exception to this rule has been found where the mistake occurs because of a rule that is ambiguous or susceptible to multiple interpretations. Id. (citing Canfield v. Van Atta Buick/GMC truck, Inc., 127 F.3d 248, 250 (2nd Cir. 1997) cert. denied 522 U.S. 1117 (1998)).

In this case, the "mistake" involved Plaintiffs' interpretation of PTO No. 114. However, there is nothing ambiguous about the relevant portion of this Order. No exception is made to the requirement that a case specific expert report be filed in each case. If a party believed circumstances existed to exempt them from t his requirement, they were given leave to file a motion for relief.

Accordingly, Plaintiff's failure to timely file a motion for relief under PTO No. 114 is not due to excusable neglect and the motion for an enlargement of time under Rule 6(b) must be denied.

Case No. 02-199

IT IS HEREBY ORDERED that Plaintiff's Motion for Relief From Parts I(A) and I(B) of PTO No. 114 and Motion for Enlargement of Time [Doc. No. 37] is DENIED. Plaintiffs shall comply with PTO No. 114 within 30 days from the date of this Order.

Date: September 10, 2004

s/ Michael J. Davis
Michael J. Davis
United States District Court