**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : | MDL No. 1431 (MJD) |
| This Document Relates to: | : | |
| *Michael E. Black, et al. v. Bayer Corp., et al.* | : | Case No. 02-0199 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURE OF GREGORY D. CLARKE, M.D.**

Defendants Bayer Corporation, Bayer AG, and SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK") (collectively "Defendants") respectfully request this Court to grant their Motion and strike the expert report of Gregory D. Clarke, M.D., submitted on August 30, 2006, and preclude testimony from Dr. Clarke expressing the opinions contained therein, due to Plaintiff's failure to meet the requirements of Pre-Trial Order No. 120 ("PTO-120").[1] In essence, what Plaintiff has done in this no-injury putative class action is to have Dr. Clarke submit a generic expert report that expresses opinions to the effect that Baycol was no more effective than other statins but less safe, put a "case specific" label on it, and tried to avoid the previous deadlines for submission of generic issue reports. It is too late for generic expert opinions.

**Background**

This is a putative consumer fraud class action case. Plaintiff does not claim that he was injured by Baycol and disclaimed any interest in recovery for physical

[1] The parties have attempted to come to an agreement on this matter, but have been unsuccessful.

injuries. See Deposition of George McCollins at 25-26, 120-22 [Ex. A]. Similarly, Plaintiff does not seek recovery for injuries that may have been suffered by class members, but expressly disclaimed them. Id.

By Order dated May 25, 2004, this Court directed MDL plaintiffs to designate all Stage One generic experts (experts designated by the PSC) by June 14, 2004, and provide defendants with expert reports in compliance with Fed. R. Civ. P. 26. (See PTO-120 at ¶ 8(A)). PTO-120 further directed plaintiffs to disclose Stage Two generic experts (experts other than those designated by the PSC) on or before July 19, 2004. (See id. at ¶ 9(A)). "Generic experts" are defined as "those experts whose testimony covers issues that are common to multiple cases and does not relate specifically to a particular plaintiff." (Id. at ¶ 1). A case-specific expert is an expert "whose testimony applies only to an individual plaintiff's particular case, such as an expert whose testimony concerns specific cause(s) of a plaintiff's alleged injury and damages." (Id. at ¶ 4).

Plaintiff has submitted two expert reports from Dr. Clarke. The first was a PTO-114 expert report served on October 12, 2004. In it, Dr. Clarke stated that he could not "determine based on [Plaintiff's medical] records whether or not [Plaintiff] has suffered physical injuries related to [his] ingestion of Baycol." (See Oct. 12, 2004 Gregory D. Clarke, M.D. PTO-114 Report, at ¶ 5 ("2004 Clarke Report")) [Ex. B]. This report is not at issue. On August 30, 2006, Plaintiff served a second report for Dr. Clarke, identified as "Case Specific Expert Report Pursuant to PTO-114." ("2006 Clarke Report") [Ex. C]. Notwithstanding its label as a case-specific expert report, the report

contains no opinions particular to Plaintiff George McCollins. Instead it consists entirely of generic opinions, "cover[ing] issues that are common to multiple cases and [that do] not relate specifically to a particular plaintiff." Dr. Clarke's opinions are summarized as follows:

- Baycol and other members of its class lower levels of LDL cholesterol and tend to raise HDL cholesterol levels to varying degrees (2006 Clarke Report at ¶ 4);
- When Baycol was introduced to the market, there were other drugs in the class with comparable or better efficacy, and the only merit Baycol offered was its lower price (Id. at ¶¶ 5, 6);
- At the time it was introduced to the market, Dr. Clarke believed that the risk of undesirable side effects, particularly muscle damage, was no greater than other members of its class. This was reinforced to him by Bayer corporation representatives (Id. at ¶ 7);
- Dr. Clarke has become aware that the incidence of drug-related damage to muscle cells was greater with Baycol than with any other drug in its class, and this elevated risk could have been determined from data available before the drug was marketed (Id. at ¶¶ 8, 9); and,
- Because of the lack of increased efficacy, and heightened risk of injury, patients who were prescribed and purchased Baycol "were done a disservice" (Id. at ¶ 10).

Pursuant to PTO-120, "No party to a case that is part of this MDL…shall be permitted at trial…to present testimony from a generic expert witness except by a generic expert designated pursuant to the procedures in this Order, unless that party makes a showing of good cause…" (See PTO-120 at ¶ 2). Dr. Clarke was never designated as a generic expert witness pursuant to PTO-120, and his 2006 report should be stricken accordingly.

**Argument**

Plaintiff does not and cannot show good cause for submitting generic expert testimony from Dr. Clarke, an individual who was not disclosed as a generic expert. Dr. Clarke's opinion is not dependent on any newly available materials or information. To the contrary, he opines that the allegedly "elevated risk of muscle damage associated with Baycol use could be determined from data available prior to the marketing of the drug," including an article published in the medical literature in 1999. (See 2006 Clarke Report at ¶ 9). Labeling Dr. Clarke's report as "case specific" is not enough to take it outside of the requirements of PTO-120.

Dr. Clarke is not a medical expert on injury or causation, as Plaintiff is seeking economic damages only. See Letter from Tim J. Yianne to Susan A. Weber, Oct. 12, 2004 [Ex. D]; McCollins Dep. at 121-22 [Ex. A]. His only reference in his PTO-114 report to physical injuries is the conclusion that he "cannot determine whether or not this patient has suffered physical injuries related to this patient's ingestion of Baycol." (2004 Clarke Report at ¶ 5).

Plaintiff's effort to bring in generic expert opinions, more than two years after such opinions were to be disclosed, should be prevented. Allowing Dr. Clarke to testify to generic opinions at trial will create significant prejudice for Defendants, who made strategic decisions based on the plaintiffs' original disclosures of generic experts. Defendants' selection of their own experts, and of the topics those experts were asked to address, was driven by that analysis. Striking the non-compliant report, and precluding Dr. Clarke from offering the opinions contained therein at trial, are appropriate sanctions

for Plaintiff's failure to comply with PTO-120. *Accord Hairston v. Alert Safety Light Prods., Inc.*, 307 F.3d 717, 722 (8th Cir. 2002) (district courts are given broad discretion in deciding the appropriate sanctions); *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995) (finding no abuse of discretion in district court setting limits on expert testimony based on failure to comply with scheduling order); *see also Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (describing the district court's "broad discretion" to enforce progression order deadlines).

WHEREFORE, for the reasons set forth above, Defendants request that the Court enter an Order striking Dr. Clarke's August 30, 2006 report, and precluding Dr. Clarke from offering the opinions contained in that report at trial.

Dated: September 26, 2006

Respectfully submitted,

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60610
(312) 494-4400

/signature on file/
Eugene A. Schoon
Susan A. Weber
James W. Mizgala
Elizabeth C. Curtin
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Scott A. Smith
Tracy J. Van Steenburgh
HALLELAND LEWIS NILAN SIPKINS & JOHNSON, P.A.
220 South Sixth Street, Suite 600
Minneapolis, MN 55402
(612) 338-1838

/signature on file/
Fred T. Magaziner
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

*Counsel for SmithKline Beecham Corporation d/b/a GlaxoSmithKline*

Paul J. Zidlicky
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
(202) 736-8000

Richard K. Dandrea
ECKERT SEAMENS CHERIN
& MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA 15219
(412) 566-6000

Peter W. Sipkins (No.101540)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

Douglas R. Marvin
WILLIAMS & CONNOLLY
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

*Counsel for Bayer Corporation and Bayer AG*