UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In Re: BAYCOL PRODUCTS LITIGATION MDL No. 1431

This Document Relates to:

GEORGE F. MCCOLLINS, individually,
and on behalf of all others similarly situated,

Plaintiff,

v. Case No: 02-CV-199

BAYER CORPORATION,
a foreign corporation authorized to do
business in West Virginia;
BAYER AG, a foreign corporation; and
GLAXOSMITHKLINE plc, a foreign corporation,

Defendants.

PLAINTIFF'S MOTION FOR REMAND

Now comes the Plaintiff, individually and on behalf of all others similarly situated (hereinafter "Class"), by and through counsel, Bell & Bands, PLLC, and respectfully moves for an Order of transfer of this putative class action to the transferor Court, the Southern District of West Virginia. In the alternative, Plaintiff requests that the Court establish a briefing schedule for the issue of class certification to be decided by this Court. In support, the Plaintiff states as follows:

1. In this action, the Plaintiff seeks damages under applicable West Virginia law for himself and the putative Class in the nature of a refund for the economic loss caused by Defendants' breach of express and implied warranties and violation of the West Virginia Consumer Credit and Protection Act. The Class consists

of: "[i]ndividuals who have at any time purchased Baycol in West Virginia from when Baycol was initially placed on the market in the United States until the present."

2. Under Pretrial Order No. ("PTO") 149, the parties were directed to engage in case-specific discovery. In this regard, the Court established various discovery deadlines for Phase I through Phase IV cases. The current action is a Phase I case (D. Minn. Nos. 01-2383 thru 03-1173).

3. In terms of case-specific discovery, the Defendants have deposed the Class Plaintiff, George F. McCollins. In addition, Defendants have deposed Mr. McCollins' treating physician who prescribed him Baycol. No other case-specific discovery has taken place.

4. Notably, according to PTO 149 § I.C.1.h, the last deadline for case-specific discovery is November 29, 2006, of which Phase I Plaintiffs have until such date to complete the depositions of any case-specific experts identified by Defendants.

5. Here, the Defendants did not disclose any case-specific experts. Accordingly, unless otherwise directed by the Court, case-specific discovery is closed in the current action.

6. Under PTO 149 § VI, no case shall be eligible for remand to its transferor court unless:

- Plaintiff's Fact Sheet is substantially complete and all identified deficiencies have been corrected;
- Plaintiff has executed all appropriate authorizations, including HIPAA-compliant authorizations, as requested by defendants;
- Case-specific fact and expert discovery has been completed;
- The Court has ruled upon *Daubert* motions directed to generic experts and any additional pending motions affecting the case; and
- For a rhabdomyolysis case, mediation has been conducted.

7. In the case at bar, when considering the above criteria and the fact this is a putative class action, the Court should remand the case or establish a briefing schedule for the issue of class certification.

8. First, Plaintiff's Fact Sheet has been completed and there are no outstanding deficiencies. Second, Plaintiff has executed all authorizations provided by Defendants. Third, case-specific fact and expert discovery has been completed. Fourth, the mediation requirement is not applicable because this is not a rhabdomyolysis case. Lastly, although the Court has not ruled upon the *Daubert* motions directed to any generic experts, remand and the issue of class certification should not be delayed pending a ruling on the *Daubert* motions. Indeed, the prior ruling in September 2003 on whether a national Baycol class should be certified in the MDL demonstrates that a final ruling on the *Daubert* motions is not dispositive or necessary to the class certification determination. Similarly, a final ruling on the *Daubert* motions is not dispositive or necessary to class certification determination in the case at bar. Therefore, the Court should remand the case to the transferor Court.

9. Moreover, to eliminate concerns about the pending *Daubert* motions, if the case is remanded to the transferor Court, the transferor Court can resolve the class certification issue while staying all other issues until a final ruling has been made on the *Daubert* motions by this Court.

**WHEREFORE,** the Plaintiff respectfully requests the Court enter an Order of transfer of this class action to the transferor Court, the Southern District of West Virginia or establish a briefing schedule for the issue of class certification to be decided by this Court.

Respectfully submitted this the 1st day of November, 2006.

**George F. McCollins, individually,
and on behalf of all others similarly
situated,
By Counsel**

s/ Tim J. Yianne
Harry F. Bell, Jr.
Tim J. Yianne
Bell & Bands, PLLC
30 Capitol Street
P.O. Box 1723
Charleston, WV 25326-1723
(304) 345-1700
(304) 345-1715 Facsimile

**CERTIFICATE OF SERVICE**

I, Tim J. Yianne, certify that a true and correct copy of the foregoing **Plaintiff's Motion for Remand** was electronically served to all counsel of record on this 1st day of November, 2006.

s/ Tim J. Yianne
Bell & Bands, PLLC
Tim J. Yianne