**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : | MDL No. 1431 (MJD/SRN) |
| This Document Relates to: | : | |
| *Black, et al. v. Bayer Corp., et al.* | : | Case No. 02-0199 |

**BAYER AND GSK'S REPLY IN SUPPORT OF THEIR CROSS-MOTION TO DENY CLASS CERTIFICATION AND ENTER JUDGMENT AGAINST PLAINTIFF**

Plaintiff George McCollins suffered no injury from his use of Baycol and, in fact, benefited from the medicine. He does not dispute these facts and indeed, has cited no evidence whatsoever in opposition to defendants' motion for summary judgment as to his individual economic loss claims. *See* Plaintiff's Reply in Support of Motion to Remand and Opposition to Bayer and GSK's Cross-Motion to Deny Class Certification and Enter Judgment Against Plaintiff ("Opp.") at 24. Nevertheless, Mr. McCollins contends that this Court should certify an economic loss class with him as the class representative or allow him to try his luck seeking class certification in front of another judge.[1] Mr. McCollins' only support is a West Virginia decision certifying a class involving another medicine – a decision that this Court explicitly rejected as inapposite

---

[1] Mr. McCollins seeks damages for economic losses on behalf of himself and a class of West Virginia residents for breach of warranty, unjust enrichment, and unlawful acts or practices under the West Virginia consumer protection laws. *See* Second Amended Complaint ("Compl.") ¶¶ 34, 41-67.

when the Court denied certification of the Baycol master class action complaint four years ago.

The Court should reject Mr. McCollins' attempt to relitigate class certification. Individual issues of fact continue to predominate with respect to economic loss claims and Mr. McCollins is a manifestly inadequate representative of the putative class. Further, the Court should enter summary judgment against Mr. McCollins because a plaintiff's unsupported allegations are not enough to create a triable issue of material fact. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986) (a party cannot rest on allegations unsupported in fact to avoid summary judgment); *Thomas v. Corwin*, 483 F.3d 516, 530 (8th Cir. 2007) ("skeletal allegations, unsupported with specific facts or evidence, are insufficient to create a genuine issue of fact so as to preclude granting summary judgment").

## I. CLASS CERTIFICATION SHOULD BE DENIED.

### A. Mr. McCollins Cannot Evade This Court's Prior Ruling.

This Court required that all plaintiffs seeking class certification file motions for class certification by May 15, 2002. *See* PTO 4 at § IV.E. After extended briefing, the Court denied certification for putative class actions alleging claims for economic loss on September 17, 2003. *See In re Baycol Prods. Litig.*, 218 F.R.D. 197, 213-14 (D. Minn. 2003). The Court held that, to prove they sustained an economic loss caused by Baycol, plaintiffs must show that "they were either injured by Baycol, or that Baycol did not provide them any health benefits." *Id.* The Court held that individual issues of fact predominate as to such claims, rendering class certification unwarranted. *Id.* at 214.

Having failed to move for certification pursuant to PTO 4, Mr. McCollins cannot now argue for class certification as if there were no history of argument and resolution of class certification issues in this MDL. Mr. McCollins cannot evade this Court's ruling by claiming that his putative class is different because it is limited to West Virginia residents. *See* Opp. at 8-10. The Court denied certification of a nationwide class for economic damages not only because of the variance of state laws, but also because *individual issues of fact predominate as to claims for economic loss*. *In re Baycol*, 218 F.R.D. at 213-14. Whether the putative class is nationwide or restricted to a particular jurisdiction, class certification is inappropriate. The Court's 2003 denial of certification for economic loss claims is the law of the case for putative Baycol class actions coordinated through this MDL, and Mr. McCollins has not provided any legal or factual basis for revisiting this Court's order denying class certification. *See, e.g., Little Earth of the United Tribes, Inc. v. United States Dep't of Housing & Urban Development*, 807 F.2d 1433, 1440-41 (8th Cir. 1986) (law of the case doctrine prevents relitigation of issues settled by court, and serves to protect the expectations of the parties to the litigation); *see also In re Zyprexa Prods. Liab. Litig.*, 457 F. Supp. 2d 256, 273 (E.D.N.Y. 2006) (orders of transferee MDL court binding on cases pending before it as well as tag-along cases, even after cases are returned to their respective jurisdictions for ultimate resolution).

Indeed, Mr. McCollins does not seriously contest certification of his warranty and unjust enrichment claims, but instead repackages the same legal contentions that were presented to the Court for the Baycol master class. *See* Opp. at 3-24. Even if

he did, the facts in this action confirm the propriety of the Court's denial of class certification for economic loss claims. Mr. McCollins concedes that the right of recovery for each individual class member would require a case-by-case determination (Opp. at 21) – the very individual determinations that led this Court to deny certification of the Baycol master class for economic loss claims in the first instance. *In re Baycol*, 218 F.R.D. at 213-14. Accordingly, consistent with its previous decision, this Court should affirm its past holding and deny certification for Mr. McCollins' proposed class.

**B. Individual Issues of Fact Predominate as to A Claim Under the West Virginia Consumer Credit and Protection Act.**

Even if the Court's ruling denying certification for classes seeking exclusively economic losses applied only to claims for breach of warranty and unjust enrichment, there is no basis upon which to depart from the rationale of that ruling when considering certification for a putative class action under the West Virginia Consumer Credit and Protection Act ("WVCCPA"), W. Va. Code § 46A-6-101, *et seq*. Mr. McCollins does not dispute that (1) the WVCCPA requires a plaintiff to prove that some proscribed action caused him or her an economic loss, and (2) proof of an economic loss for which a plaintiff seeks a remedy under the WVCCPA can only be adduced on a plaintiff-by-plaintiff basis. *See* Opp. at 21. The reasons for denying certification of an economic loss class on breach of warranty and unjust enrichment theories apply in the context of the WVCCPA as well.

Instead of providing new facts or new law to support his request that the Court revisit its prior holding, Mr. McCollins simply urges this Court to follow the

"guiding light" of the West Virginia Supreme Court's decision in *In re West Virginia Rezulin Litig.*, 214 W. Va. 52, 585 S.E.2d 52 (2003), certifying an economic loss class in another pharmaceutical products case. Opp. at 4, 10, 20-24. Among the many problems with Mr. McCollins' position is that this Court expressly considered and distinguished the West Virginia *Rezulin* decision when it denied certification of economic loss claims arising from the purchase and use of Baycol. *See In re Baycol*, 218 F.R.D. at 204 (noting the *In re West Virginia Rezulin* decision, and declining to follow it based on the "unique nature" of the Baycol litigation); *accord Jensen v. Bayer AG*, 2003 WL 22962431, *1-5 (Ill. Cir. Ct. Dec. 15, 2003) (denying class certification for economic loss claims including claims for violation of consumer protection laws).

In *In re West Virginia Rezulin*, the West Virginia Supreme Court expressly found that the WVCCPA requires proof that an unfair trade practice *caused* some ascertainable loss, and that *each plaintiff* would have to show causation individually. *See In re West Virginia Rezulin*, 214 W. Va. at 74-75, 585 S.E.2d at 74-75; *see also Orlando v. Finance One of West Virginia, Inc.*, 179 W. Va. 447, 452-53, 369 S.E.2d 882, 887-88 (1988) (plaintiffs must show that alleged unfair practice under WVCCPA caused ascertainable loss). As this Court has held, proof of economic loss would require plaintiffs to prove, at a minimum, that they were injured by or did not receive any health benefit from Baycol. *In re Baycol*, 218 F.R.D. at 213-14. Whatever the evidence was before the West Virginia court at that stage in the *Rezulin* litigation, the evidence here confirms the correctness of this Court's decision that individual issues predominate as to

Baycol economic loss claims.[2] Individual evidence would be necessary as to each member of the putative class to determine whether that person benefited from or was injured by Baycol.

Indeed, Mr. McCollins' own experience serves as an example of the importance of individual proof to such claims. In contrast to his allegations on behalf of the class that Baycol was a "bad drug," Mr. McCollins does not dispute that Baycol worked for him. *See* Deposition of George McCollins ("McCollins Dep.") (Ex. C to Cross-Motion) at 111:11-113:8. His prescribing and treating physician testified that Baycol was the "perfect" statin for Mr. McCollins; further, the physician did not note any side effects experienced by Mr. McCollins attributable to Baycol. *See* Deposition of W. Michael Skeens ("Skeens Dep.") (Ex. A to Cross-Motion) at 77:16-20; 78:12-79:2; 86:8-13; 88:21-89:1. This evidence demonstrates that economic loss claims in this litigation can only be evaluated on a plaintiff-by-plaintiff basis.

**C. Mr. McCollins Is Not an Adequate Class Representative.**

Even if individual issues of fact did not predominate, and they do, Mr. McCollins could not represent this putative class. Mr. McCollins claims he is an adequate class representative because he "has retained experienced counsel" and "has the

---

[2] In any event, this Court is not bound by the decisions of state courts operating under their own procedural frameworks. Indeed the West Virginia court distinguished the standard for class certification in West Virginia from that found in the Federal Rules of Civil Procedure. *Hanna v. Plumer*, 380 U.S. 460, 470-74 (1965) (where state and federal rules of procedure conflict, federal rule controls in action in federal court); *In re West Virginia Rezulin*, 214 W. Va. at 61, 585 S.E.2d at 61 (rejecting circuit court's reliance on Federal Rules in denial of class certification, finding the Federal Rules only "persuasive" authority).

same interest in establishing Defendants' liability and seeks the same types of remedies through the same theories of law" (Opp. at 14, 16-17). But the fact that Mr. McCollins has hired a lawyer and filed a complaint does not make him an adequate class representative.

*First*, Mr. McCollins concedes that he aims to represent individuals whose experiences taking Baycol are entirely foreign to his own experience:

- Mr. McCollins does not seek for himself the type of the damages alleged on behalf of the putative class. Mr. McCollins, individually, seeks only the return of money he spent in co-pay on purchasing his prescriptions of Baycol. *See, e.g.*, Opp. at 15. Nonetheless, Mr. McCollins has pleaded for the recovery of – on behalf of the putative class – general, compensatory, consequential, punitive and exemplary damages, attorneys' fees, and a refund of all purchase costs. *See* Compl. at 17.

- Mr. McCollins' complaint seeks economic, compensatory, and punitive damages for class members arising out of injuries proven to be a cause of their ingestion of Baycol (*see, e.g.*, Compl. ¶¶ 36(h), 51) even though there is no medical evidence that Mr. McCollins suffered any injury as a result of taking Baycol. *See* Cross-Motion at 15-16 (quoting and citing medical testimony).

- Mr. McCollins seeks to recover economic loss damages for individuals who relied on certain representations that purportedly proved untrue, or who succumbed to trade practices proscribed under West Virginia law. *See* Compl. ¶¶ 41-67. But Mr. McCollins concedes that he did not rely on any representations made by Bayer or GSK in purchasing Baycol and that he deferred to his treating physician in deciding whether to purchase Baycol, and testimony evidences that his prescribing physician did not rely on representations by Bayer or GSK either. *See* Cross-Motion at 13-14, 16-17.

Mr. McCollins cannot represent absent class members whose alleged experiences and damages differ significantly from his own. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-27 (1997) (putative class representative with insufficient commonality in interest cannot adequately protect absent class members' due process).

*Second*, Mr. McCollins has not demonstrated the vigor with which a class representative must pursue an action on behalf of class members. Indeed, after defendants presented evidence in support of their motion for summary judgment on Mr. McCollins' individual claim, he responded with only the bare assertion that genuine issues of material fact warrant a trial of his individual claim. *See id.*; *see also* Opp. at 24. Indeed, he withdrew the only purported case-specific expert he has proffered in this action, Dr. Gregory Clarke, on October 5, 2007. It is axiomatic that a plaintiff cannot rest on his pleadings in such circumstances. *See* Section II, *infra*. Mr. McCollins' failure to present any evidence in support of his claim demonstrates his inadequacy as a class representative.

In sum, certification of the putative class should be denied because (a) Mr. McCollins seeks to relitigate issues on which this Court has already ruled, (b) individual issues of fact predominate as to his claims, and (c) he is an inadequate representative of the proposed class.

## II. THERE ARE NO TRIABLE ISSUES OF FACT SUPPORTING PLAINTIFF'S INDIVIDUAL CLAIMS.

Mr. McCollins admits that he must demonstrate his right to recovery (Opp. at 21), but makes no effort to do so in responding to Bayer and GSK's motion to enter judgment against Mr. McCollins on his individual claims. Mr. McCollins does not contest the facts that preclude his recovery in this action:

- Baycol did not injure Mr. McCollins, and in fact benefited his well-being (*see* Cross-Motion at 15-16);

- Mr. McCollins did not rely on any representations made by Bayer or GSK that became a basis for his use of Baycol (*see* Cross-Motion at 16-17); and
- Mr. McCollins gained an economic *advantage* from taking Baycol versus other statin medications (*see* Cross-Motion at 17-18).

As set forth in Bayer and GSK's Cross-Motion, Mr. McCollins has no medical evidence that Baycol caused him any harm. *See, e.g.,* Skeens Dep. (Ex. A to Cross-Motion) at 77:16-20; 78:12-79:2; 86:8-13; 88:21-89:1. Indeed the only medical evidence shows that Mr. McCollins' health benefited from Baycol and that he suffered no ill effects from taking Baycol. *See, e.g., id.*; *see also* McCollins Dep. (Ex. C to Cross-Motion) at 111:11-113:8. Mr. McCollins does not respond to any of these facts, and has withdrawn the only case-specific expert he has proffered in this litigation to boot, contrary to the requirements set forth by this Court and West Virginia law. *See Banfi v. American Hospital for Rehabilitation*, 207 W. Va. 135, 140-41, 529 S.E.2d 600, 605-06 (2000) (requiring expert evidence to prove medical negligence); *In re Baycol Prods. Litig.*, 321 F. Supp. 2d 1118, 1124-27 (D. Minn. 2004) (requiring medical expert testimony to substantiate claims).

As this Court has held, Mr. McCollins (like all plaintiffs seeking economic damages only) must show that he was injured by Baycol or did not receive any health benefit from Baycol in order to recover damages for economic loss. *In re Baycol*, 218 F.R.D. at 213-14; *accord Orlando*, 179 W. Va. at 452-53, 369 S.E.2d at 887-88 (summary judgment appropriate where plaintiffs did not provide evidence that lender's unfair practice caused ascertainable loss under WVCCPA). Mr. McCollins has not presented any evidence that he did not receive exactly what he expected from Baycol – a

medication that would control his cholesterol and not cause him side effects. His assertion that the Baycol he received was "different than" or "inferior to" the medication for which he bargained is unaccompanied by even the most remote effort to support it with facts. *See* Opp. at 24. There are no genuine issues present to support a trial of Mr. McCollins' individual claims, and the Court should enter judgment against Mr. McCollins. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (summary judgment appropriate when no genuine issue of material fact supports a necessary element of a cause of action); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986) (a party cannot rest on allegations unsupported in fact to avoid summary judgment).

## III. CONCLUSION

For the foregoing reasons, as well as those set forth in Bayer and GSK's memorandum in support of their Motion to Enter Judgment Against Plaintiff, Bayer and GSK respectfully request that the Court deny class certification and enter judgment against plaintiff George McCollins and in favor of Bayer and GSK on Mr. McCollins' individual claims.

Dated: December 21, 2007

Respectfully submitted,

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60610
(312) 494-4400

Scott A. Smith
Tracy J. Van Steenburgh
HALLELAND LEWIS NILAN
SIPKINS & JOHNSON, P.A.
220 South Sixth Street, Suite 600
Minneapolis, MN 55402
(612) 338-1838

/signature on file/
Susan A. Weber
James W. Mizgala
James R.M. Hemmings
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Frank R. Volpe
Eamon P. Joyce
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
(202) 736-8000

Richard K. Dandrea
ECKERT SEAMENS CHERIN
& MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA 15219
(412) 566-6000

Peter W. Sipkins (No.101540)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

Douglas R. Marvin
WILLIAMS & CONNOLLY
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

*Counsel for Bayer Corporation*

/signature on file/
Fred T. Magaziner
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

*Counsel for SmithKline Beecham Corp. d/b/a GlaxoSmithKline*

CERTIFICATE OF SERVICE

I, David L. Barlett, certify that a true and correct copy of the foregoing Reply in Support of Cross-Motion to Deny Class Certification and Enter Judgment Against Plaintiff was electronically filed and served on December 21, 2007.

David L. Barlett
______________________________